STARK et al. v. SIMS et al.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1916.)

No. 2770.

JUDGMENT ⊜497(2)—PRESUMPTIONS IN SUPPORT OF VALIDITY OF JUDGMENT.
    Where a Texas judgment, rendered in 1857, under which land was sold at execution sale, recited that there had been regular service of process upon the defendant, it would be presumed that there was such service as would uphold the judgment, though the file of papers in the case showed an ineffective attempt to get jurisdiction by publication, especially where it appeared that the judgment debtor lived in Louisiana, near the Texas border, was accustomed to visit the state of Texas, that he never asserted any claim to the land after the sheriff's sale, and that neither he nor any one claiming by inheritance from him had had possession after the sale.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 937; Dec. Dig. ⊜497(2).]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action by Mrs. M. E. Sims and others against W. H. Stark and others. Judgment for plaintiffs, and defendants bring error. Reversed.

Geo. E. Holland, of Orange, Tex., for plaintiffs in error.

G. P. Dougherty, of Houston, Tex., and T. L. Foster, of Beaumont, Tex. (W. T. Davis, of San Augustine, Tex., J. W. Minton, of Hemphill, Tex., and Sol. E. Gordon, of Beaumont, Tex., on the brief), for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and NEWMAN, District Judge.

WALKER, Circuit Judge. Both the plaintiffs (defendants in error) and the defendants claim the land sued for through M. Y. Garlington, who died in 1873; the former by inheritance, and the latter through a sheriff's deed made in 1857, following a sale of the land under execution issued upon a judgment of the district court of Jasper county, Tex., a court of record, against said Garlington, recovered on two promissory notes alleged to have been made by him. No claim based upon adverse possession is asserted. The petition in the suit in which the judgment mentioned was recovered alleged that the defendant therein was a nonresident of the state of Texas, attached to the petition was an affidavit of the plaintiff to that effect, and a citation by publication was prayed for in the petition. The file of papers in that case did not show that there was a personal service of process upon the defendant. The judgment in the case was by default, and commenced with the following recitals:

"And comes the said plaintiff, by attorney, and asks the court for a judgment by default against the said defendant for want of answer. And it appearing to the satisfaction of the court that there has been regular service of process upon the said defendant, and that he has failed to appear and file his

answer within the time prescribed for pleadings, and that the plaintiff's suit is upon a liquidated demand."

M. Y. Garlington rendered the land for taxes and paid taxes thereon for the years 1853 to 1857, inclusive. It does not appear that after the sale of the land in 1857 he ever rendered the land for taxes or paid taxes thereon, or that he ever asserted any claim to the land after the date of the sheriff's deed, though from 1858 until his death in 1873 he lived in Texas and not far from the land in question.

The recital of the judgment, "it appearing to the satisfaction of the court that there has been regular service of process upon the defendant," does not indicate whether the service referred to was personal or constructive, and is as consistent with the one kind of service as the other. There is nothing in the record of that case which is inconsistent with the conclusion that there was personal service of process upon the defendant. The fact that the file in the case, as it was found more than half a century after the case was disposed of, shows that there was an ineffective attempt to get jurisdiction by publication, does not prove the absence of personal service of process upon the defendant. After the lapse of more than 50 years since the rendition of that judgment almost any fact essential to support the regularity and validity of the judgment and of the title acquired thereunder is to be presumed, certainly when the indulgence of such presumption involves no contradiction of the recitals of the judgment. Baeder v. Jennings (C. C.) 40 Fed. 199, 217; Duncan v. Williams, 89 Ala. 341, 350, 7 South. 416; Voorhees v. United States Bank, 10 Pet. 449, 9 L. Ed. 490; 16 Cyc. 1075; 2 Chamberlayne's Modern Law of Evidence, §§ 1199, 1200.

Added force is given to the presumption that there was such a service of process as to make the recitals of the judgment correct, rather than false, by the evidence tending to prove that the defendant in the execution, for several years prior to the rendition of the judgment, lived at a place in Louisiana but a short distance from the Texas border, and was accustomed to visit the latter state, where personal service upon him could have been made, that he never asserted any claim to the land after the sheriff's sale of it, and that neither he nor any one claiming by inheritance from him has had possession of the land since that sale was made. The conclusion is that, in view of the presumptions which should be indulged in favor of the validity of the judgment against Garlington, the court was in error in deciding that that judgment was an invalid one, and that the claim of the defendants to the land under the sheriff's deed was not sustainable.

It follows that the judgment should be reversed; and it is so ordered.